UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI VIEIRA,<br><br>    Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS,<br><br>    Defendant. | Case No. 2:25-cv-03042-SB-AJR<br><br>ORDER (1) STRIKING SECOND AMENDED COMPLAINT, (2) DENYING MOTION TO REMAND, AND (3) ALLOWING OPPOSITION ON MOTION TO DISMISS |

    Plaintiff Jodi Vieira, a self-represented litigant, filed this action in Los Angeles Superior Court. Her amended complaint in state court did not allege federal causes of action but included a claim for breach of contract alleging that the parties had an implied and express contractual relationship "solidified in [a] Collective Bargaining Agreement." Dkt. No. 1-1 ¶ 30. Defendant removed the action, asserting that the Court had federal-question jurisdiction under Section 301 of the Labor Management Relations Act (LMRA) because of Plaintiff's allegations that Defendant violated the collective bargaining agreement (CBA). Defendant then moved to dismiss.

    Instead of responding to Defendant's motion to dismiss, Plaintiff filed an unauthorized second amended complaint (SAC), which states that she "does not allege breach of any [CBA]" and that her claim "arises from general contract principles . . . , not from any duty created of governed by the CBA," together with a notice that the motion to dismiss is moot. Dkt. No. 18; Dkt. No. 19 ¶ 45. She has also filed a motion to remand, arguing that there is no basis for federal jurisdiction in the SAC. Dkt. Nos. 21, 24. The motion to remand was improperly filed on May 12 and noticed for hearing on May 30, a closed hearing date less than 28 days later, in violation of both the local rules and this Court's standing order.

1

Dkt. No. 11 at 9 ("A motion filed on a closed hearing date will be stricken or continued at the Court's discretion."); L.R. 6-1 (requiring motions to be filed at least 28 days before hearing date).

Plaintiff cannot unilaterally defeat federal jurisdiction as she has attempted to do.  After amending a complaint once as of right, even if the amendment takes place in state court, a plaintiff is permitted to amend her complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2); *Nguyen v. Wells Fargo, N.A.*, No. 20-CV-07991, 2021 WL 10131989, at *2 (N.D. Cal. Jan. 22, 2021) (collecting cases holding that Rule 15(a)(2) requires leave of court to amend where complaint was amended pre-removal).  Plaintiff has not demonstrated that she received written consent from Defendant, nor has she provided authority permitting her to file a SAC without a court order.  Thus, the SAC is stricken, and the amended complaint filed in state court remains the operative complaint.  The improperly filed motion to remand, which is predicated entirely on the SAC, is denied as moot.

Defendant's motion to dismiss remains pending, and Plaintiff has not filed an opposition.  It appears that the operative complaint may contain fatal deficiencies, including that Plaintiff's claims may be time-barred or barred by res judicata, which would not be cured by the amendments Plaintiff attempted in her SAC.  Although the Court could grant the motion to dismiss as unopposed under L.R. 7-12, it will allow Plaintiff one more opportunity to show why her claims should not be dismissed with prejudice.  Accordingly, if Plaintiff wishes to pursue the claims in her amended complaint, she may file an opposition to the motion by May 20, 2025.  Any request for leave to amend must specify the facts Plaintiff would add to cure the deficiencies identified by Defendant.  Failure to timely file an opposition will be deemed consent to the dismissal of Plaintiff's claims with prejudice.  Defendant may file a reply by May 27, 2025.  The hearing on the motion and the mandatory scheduling conference are continued to June 13, 2025, at 8:30 a.m.

Plaintiff has already attempted through her improper SAC to divest the Court of jurisdiction by removing the reference to the CBA.  If doing so were tantamount to dismissing her sole federal claim, the Court would be inclined to grant her leave to abandon the claim she did not wish to pursue and proceed in state court.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025) (holding that federal court may not retain supplemental jurisdiction over state-law claims where plaintiff amends complaint to delete all federal-law claims after removal).  But Plaintiff has not shown on this record that expressly disclaiming

any reliance on the CBA would necessarily divest this Court of subject-matter jurisdiction—it is unclear, for example, whether federal-question jurisdiction would still exist under § 301 of the LMRA because Plaintiff's claims require interpretation of the CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). By May 20, 2025, Defendant shall file a statement of its position, supported by legal authority, as to whether any basis for federal jurisdiction would remain if the Court allowed Plaintiff to remove reference to the CBA as she attempted to do in the SAC (and, if not, why the Court should not grant leave to amend and remand the case). Plaintiff may respond to Defendant's statement no later than May 27, 2025.

Date: May 14, 2025

                                                Stanley Blumenfeld, Jr.
                                                United States District Judge

3